UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LAI, | Civil No. 15cv1390 CAB(RBB) |
| Plaintiff, | ORDER IMPOSING SANCTIONS AS A RESULT OF DEFENDANT'S CLIENT |
| v. | REPRESENTATIVE'S FAILURE TO APPEAR AT FEBRUARY 24, 2016 |
| COMPREHENSIVE PHARMACY SERVICES, LLC; DOES 1-20, | EARLY NEUTRAL EVALUATION CONFERENCE [ECF NO. 19] |
| Defendants. | |

On February 24, 2016, the Court issued an Order to Show Cause why sanctions should not be imposed for the failure of Defendant Comprehensive Pharmacy Services, LLC ("Comprehensive"), to attend the scheduled Early Neutral Evaluation Conference with the client representative and the claims adjuster it previously identified as the appropriate representatives [ECF No. 19]. For the reasons outlined below, sanctions are warranted.

## I. BACKGROUND

On June 25, 2015, Comprehensive filed a Notice of Removal, removing this action from the San Diego Superior Court to the United States District Court for the Southern District of California [ECF No. 1]. In doing so, the Defendant and its counsel

15cv1390 CAB(RBB)

presumably were aware of Civil Local Rule 16.1(c)(1), which states that "within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judicial officer supervising discovery for an early neutral evaluation (ENE) conference . . . ."  S.D. Cal. Civ. R. 16.1(c)(1) (emphasis added). The local rule also specifies that "[a]ttendance may be excused only for good cause shown and by permission of the court."  Id. 16.1(c)(1)(c).

This Court, on January 6, 2016, issued a Notice and Order for Early Neutral Evaluation Conference [ECF No. 13].  The Notice, in part, reads as follows:

> Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, all parties (including those who are indemnified by others), claims adjusters for insured Defendants and non-lawyer representatives with full and unlimited authority to enter into a binding settlement . . . must be present and legally and factually prepared to discuss and resolve the case.

(Notice & Order Early Neutral Evaluation 1-2, ECF No. 13 (emphasis added) (footnote omitted).)[1]  The conference was set for February 24, 2016.  (Id. at 1.)

Six days before the scheduled conference, Defendant filed an ex parte application "for an Order allowing both [Defendant's] claims adjuster and [Defendant's] authorized representative to appear telephonically at the Early Neutral Evaluation Conference ("ENE") scheduled for February 24, 2016, at 1:30 p.m."  (Ex Parte Appl. Appear Telephonically 1-2, ECF No. 15 (emphasis added).)  The Defendant asserted that good cause existed to grant its request

---

[1] The Court will cite to documents on the docket as paginated on the electronic case filing system.

15cv1390 CAB(RBB)

"because CPS's [Comprehensive's] claims adjuster, Olga Ilyayeva, who has full and unlimited authority to enter into a binding settlement, is located [in] New York City, New York. Additionally, CPS's authorized representative, Attamara Hayes, who has knowledge of the facts, claims, and defenses of this lawsuit, is located in Memphis, Tennessee." (Id. at 2.)

Besides the location of Ilyayeva and Hayes, the Defendant included the following argument:

> At this early stage of litigation CPS' claims adjuster Ms. Ilyayeva does not have full knowledge of the facts, claims, and defenses of this lawsuit. In order to meaningfully participate in the ENE, CPS requires their authorized representative Ms. Hayes to also appear at the ENE. If both CPS' claims adjuster and authorized representative are required to personally appear at the ENE, CPS will incur a substantial amount of costs for travel and accommodations.

(Id. at 3.) The Defendant stated that its claims adjuster, "who resides in New York[,] has no information of substance concerning the claim and the potential exposure, such that her physical appearance would be of little aid to the settlement process." (Id. at 4.) It repeated, "In order to have a meaningful ENE, CPS would also need its authorized representative with knowledge of the facts, claims, and defenses of the case [to] also appear at the ENE." (Id.)

The following day, Friday, February 19, 2016, the Plaintiff filed an opposition to the Defendant's request. (See Opp'n Def.'s Ex Parte Appl. 1, ECF No. 16.) Plaintiff Lai pointed out that the parties had agreed to the February 24th date and that the Defendant did not mention to the Court "any extraordinary circumstances that would prevent all requisite parties from personally attending the ENE." (Id. at 3.) She disputed that the need to travel to Court

for the ENE was sufficient to constitute good cause to allow the Defendant's claims adjuster and client representative to appear telephonically. (See id. at 4.) Lai asserted that Comprehensive did not establish good cause or refute Plaintiff's argument that a telephonic appearance by the two individuals would undermine the effectiveness of the ENE. (See id. at 5.)

On Monday, February 22, 2016, the Court denied the Defendant's Ex Parte Application. (Mins. 1, Feb. 22, 2016, ECF No. 17.) The claims adjuster, Olga Ilyayeva, and the client representative, Attamara Hayes, were not given permission to appear by phone at the ENE.

On Wednesday, February 24th, the Court convened the ENE conference. Plaintiff Cindy Lai and her counsel, Daren Lipinsky, attended. Defense counsel John Barber and Rita Kanno appeared with Al Ramirez, a regional general adjuster with York Risk Services Group. (See Opp'n Order Show Cause 6-7, ECF No. 20.) Ramirez resides in Southern California. (Id. at 6.) No one appeared as a client representative for the Defendant. (Id. at 6-7.) The request to permit Attamara Hayes to appear by phone had been denied, and Defendant did not request that she or any other client representative be excused from attending the conference. As a result, the Court adjourned the ENE and issued an order to show cause why the Defendant and its attorneys should not be sanctioned "for failing to have the appropriate client representative and claims adjuster in attendance at today's conference." (Mins. 1, Feb. [24], 2016, ECF No. 19.)

Defendant filed its Opposition to Order to Show Cause on March 3, 2016 [ECF No. 20]. Prior to the scheduled ENE, Defendant

determined that Attamara Hayes, the Human Resources Manager at Comprehensive, and Olga Ilyayeva, the assigned claims adjuster from York Risk Services Group, would be the appropriate representatives to attend the ENE conference. (See Opp'n Order Show Cause Attach. #2 Decl. Pollack 2, ECF No. 20.) Defendant states that "[a]s of February 11, 2016, both Ms. Hayes and Ms. Ilyayeva requested our office obtain permission from the Court allowing them to appear telephonically." (Id. at 3.)

On February 18, 2016, defense counsel "filed an Ex Parte Application requesting Ms. Ilyayeva and Ms. Hayes be allowed to telephonically appear at the ENE." (Id.) The request was denied on February 22, 2016. (Id.) The next day, "at 6:40 a.m.[,] Ms. Ilyayeva informed defense counsel that Al Ramirez would personally attend the ENE in her place, and he had full settlement authority to attend the ENE." (Id. at 3-4.) Defendant's counsel states that she "did not interpret the Minute Order to require Ms. Hayes and/or Ms. Ilyayeva appear in person at the ENE." (Id. at 3.) Counsel "believed the Court's original ENE Order to be controlling. [She] interpreted the ENE Order to only require personal appearance from a CPS representative with full settlement authority and CPS' counsel." (Id.)

The Plaintiff filed a response to the Defendant's Opposition to Order to Show Cause on March 7, 2016 [ECF No. 21]. There, Lai's counsel outlines the time and expense incurred in attending the ENE conference that was terminated because of the Defendant's failure to appear with a client representative and the designated claims adjuster. (Decl. Lipinsky 1-4, ECF No. 21.)

15cv1390 CAB(RBB)

## II. DISCUSSION

Civil Local Rule 83.1 states that the "[f]ailure of counsel or any party to comply with these rules . . . or with any order of the court may be ground for imposition . . . of any and all sanctions authorized by statute or rule or within the inherent power of the court, . . . including . . . imposition of monetary sanctions or attorneys' fees and costs . . . ." S.D. Cal. Civ. R. 83.1. Additionally, Civil Local Rule 16.1(c)(1)(c) provides that "[s]anctions may be appropriate for an unexcused failure to attend [the ENE conference]." Id. 16.1(c)(1)(c). Regardless of whether its third party-claims adjuster attended, there can be no doubt that Comprehensive's client representative was required to attend, and was not excused from, the ENE.

Courts have inherent power to sanction attorneys for a violation of a district's local rules. See Spacone v. Burke (In re Trust-A-Way), 300 B.R. 31, 354 (E.D. Cal. 2003) (citing United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir. 1996); Visa U.S.A. v. First Data Corp., 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003)). "Further, the Court has inherent power to sanction parties or their attorneys for improper conduct." Reddy v. Precyse Solutions LLC, Case No. 1:12-cv-02061-AWI-SAB, 2015 U.S. Dist. LEXIS 79352, at *18 (E.D. Cal. June 18, 2015) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991)). A fee award under the Court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party: "The wrong was done to the court." Mark Indus., Ltd. v. Sea Captain's Choice, 50 F.3d 730, 733 (9th Cir. 1995).

15cv1390 CAB(RBB)

Similarly, Rule 16(f) of the Federal Rules of Civil Procedure makes clear that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . [or] fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1).  The rule "specifies that 'the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.'"  Conquista Consultoria E Assessoria Empresarial Ltda v. Iguacu, Inc., Case No. 11-cv-00602-RS (EDL:), 2015 U.S. Dist. LEXIS 83445, at *2-3 (N.D. Cal. Mar. 19, 2015) (quoting Fed. R. Civ. P. 16(f)(2)).  This is in addition or instead of any other sanction.  See id. at *2.  Rule 16(f) "applies to settlement conferences."  Id. at *3 (citing Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990); Segal v. Brachfeld, Case No.: C-11-5524 EDL (KAW), 2012 U.S. Dist. LEXIS 138554 (N.D. Cal. Sept. 26, 2012)) (ordering defendant to pay sanctions of $6815 to plaintiff for failing to attend settlement conference).

**A.   The Assigned Claims Adjuster**

The Defendant's claim adjuster, Olga Ilyayeva, did not attend the ENE.  Whether Comprehensive and its attorneys should be sanctioned for failing to attend the conference with the appropriate claims adjuster and client representative are separate questions.  In its Ex Parte Application to Appear Telephonically, Defendant identified Olga Ilyayeva as Comprehensive's claims adjuster with "full and unlimited authority to enter into a binding

7

settlement." (Ex Parte Appl. Appear Telephonically 2, ECF No. 15.) In support of the request, Defendant minimized her knowledge and stated that "claims adjuster Ms. Ilyayeva does not have full knowledge of the facts, claims, and defenses of this lawsuit." (Id. at 3.) Defendant continued, "CPS' claims adjuster who resides in New York has no information of substance concerning the claim and the potential exposure . . . ." (Id. at 4.) Instead, Comprehensive suggested that its authorized representative was the individual "with knowledge of the facts, claims, and defenses." (See id.)

The Defendant describes Ilyayeva as "the assigned claims adjuster from York Risk Services Group, a third party administrator for Ironshore Insurance Services, LLC, the insurance provider for Defendant CPS." (Opp'n Order Show Cause 3, ECF No. 20.) The day after the Court denied the request to permit Ilyayeva to appear by phone, she informed counsel that Al Ramirez, a regional general adjuster, would appear at the ENE with "full settlement authority and knowledge of the case to represent the interests of CPS." (Id. at 6.) Ramirez was provided claim notes and "the claim file, which consists of the factual background, liability analysis, and damages information." (Id.) This history indicates that counsel overstated her earlier conclusion that Ilyayeva had "no information of substance concerning the claim and the potential exposure." (See Ex Parte Appl. Appear Telephonically 4, ECF No. 15.)

Although suspect, the Court does not find that the eleventh-hour substitution of Ramirez for Ilyayeva was a subterfuge. For these reasons, neither Defendant Comprehensive nor its counsel will

15cv1390 CAB(RBB)

be sanctioned for not attending the ENE with the assigned claims adjuster.

**B.    The Client Representative**

The ENE Notice requires that all parties, claims adjusters for insured Defendants, non-lawyer representatives, and principal attorneys responsible for the litigation attend the ENE.  Civil Local Rule 16.1(c) underscores that counsel and the parties must appear.  See S.D. Cal. Civ. R. 16.1(c)(1).  Defendant's counsel states that she did not understand that the Court's minute order denying the request to permit Ms. Hayes and Ms. Ilyayeva to appear at the ENE by phone required that they both attend the ENE.  (Opp'n Order Show Cause Attach. #2 Decl. Pollack 3, ECF No. 20.)  She adds that she "interpreted the ENE Order [setting the conference] to only require the personal appearance from a CPS representative with full settlement authority and CPS's counsel."  (Id.)

This is an unreasonable interpretation of the order setting the ENE and Civil Local Rule 16.1(c).  Moreover, it is not credible, especially in light of the application Defendant submitted to excuse both Ms. Hayes, the client representative, and Ms. Ilyayeva, the claims adjuster.  Under these circumstances, the Defendant did not comply with Rule 16(f) of the Federal Rules of Civil Procedure, the local rules of this Court, and the January 6, 2016 Order setting the February 24, 2016 ENE conference.

**C.    Sanctions Under These Facts**

"'The authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt.'"  Clasberry v. Albertsons, LLC,

Case No. 2:14-cv-00774-JAD-NJK, 2015 U.S. Dist. LEXIS 157216, at *5 (D. Nev. Nov. 19, 2015) (alteration in original) (quoting Lockhart v. Patel, 155 F.R.D. 44, 45 (E.D. Ky. 1987) (citing Official Airlines Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993)).

The Defendant opposes the order to show cause and cites Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008), overruled on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050, 1061 n.1 (9th Cir. 2014), for the proposition that before exercising its inherent power to sanction an attorney for failing to attend a hearing, the court must find that counsel's conduct "constituted or was tantamount to bad faith." (Opp'n Order Show Cause 7, ECF No. 20 (quoting Mendez, 540 F.3d at 1131).) Mendez contains this statement, but the appellate court continued, "A district court may not sanction an attorney under its inherent powers if there is nothing in the local rules or norms of professional conduct 'which would have placed [the attorney] on reasonable notice' that his conduct was not in conformance with the Court's requirements." Mendez, 540 F.3d at 1132 (alteration in original) (quoting In re Richardson, 793 F.2d 37, 40 (1st Cir. 1986)). Comprehensive and its attorneys were provided this notice.

The Defendant and its counsel construe sanctionable conduct too narrowly. "Bad faith may be found in a variety of conduct stemming from a full range of litigation abuses." Pooshs v. Philip Morris USA, Inc., Case No. 04-cv-1221-PJH, 2016 U.S. Dist. LEXIS 29005, at *31 (N.D. Cal. Mar. 7, 2016) (internal quotation marks omitted) (quoting Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1244 (9th Cir. 2016)). Although the bad faith requirement sets a high threshold, it "may be met by willful misconduct, or

15cv1390 CAB(RBB)

recklessness that is coupled with an improper purpose." Id. at *31-32 (citing Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001)).  The refusal of the client representative of Defendant Comprehensive to attend the ENE after the Court denied the request that Ms. Hayes be permitted to participate by telephone is willful misconduct.  Moreover, it violates Rule 16(f) of the Federal Rules of Civil Procedure.

In Chambers, 501 U.S. at 47, the Supreme Court explained that the inherent power of the courts is not the only mechanism for sanctioning bad faith or improper conduct.

> [W]hile the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders, many of the other mechanisms permit a court to impose attorney's fees as a sanction for conduct which merely fails to meet a reasonableness standard.

Id.  For example, Rule 11 does not require a finding of bad faith. Id.

Similarly, "[t]he Court need not find bad faith in order to award sanctions pursuant to Rule 16(f), Fed. R. Civ. P." Korff v. Phoenix City, No. CV-13-02317-PHX-ESW, 2016 U.S. Dist. LEXIS 41438, at *9 (D. Ariz. Mar. 29, 2016) (citing Harrell v. United States, 117 F.R.D. 86, 88 (E.D.N.C. 1987); 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1531 (1990)).  The Court may impose sanctions under Rule 16(f) for "unintentional or negligent noncompliance with the court's pretrial orders." Wallis v. Centennial Ins. Co., NO. CIV. 08-02558 WBS GGH, 2009 U.S. Dist. LEXIS 65627, at *3 (E.D. Cal. July 17, 2009) (citations omitted).  Other courts agree.

11

Whether the party or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. <u>See</u> <u>Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.</u>, 275 F.3d 762, 769 (9th Cir. 2001). It is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. <u>See</u> <u>id.</u>; <u>Ayers v. City of Richmond</u>, 895 F.2d at 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him'"); <u>Ford v. Alfaro</u>, 785 F.2d 835, 839-40 (9th Cir. 1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); <u>Ikerd v. Lacy</u>, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions.")

<u>Hologram USA, Inc. v. Pulse Evolution Corp.</u>, Case No.: 2:14-cv-0772-GMN-NJK, 2016 U.S. Dist. LEXIS 62885, at *6-7 (D. Nev. May 11, 2016) (affirming magistrate judge's order imposing sanctions of $17,236, the costs and attorney fees defendants incurred in preparing for vacated settlement conference).

Here, Comprehensive's client representative did not appear at the February 24 ENE. Her failure to attend was more than negligent; it was a willful violation of the Court's order. Consequently, the attorney's fees and costs incurred by the Plaintiff in connection with the conference are an appropriate sanctions award. Plaintiff's counsel submitted his declaration stating that he spent five hours in preparing for attending the ENE. (Decl. Lipinsky 1-4, ECF No. 21.) His reasonable hourly rate is $525.00 an hour. (<u>See</u> <u>id.</u>)

The Court has the "discretion 'to order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other

circumstances make an award of expenses unjust.'" <u>Kalani v. Mother Lode Real Investors</u>, No. 2:12-cv-00212-MCE-EFB, 2013 U.S. Dist. LEXIS 61245, at *2 (E.D. Cal. Apr. 29, 2013) (alteration in original) (quoting Fed. R. Civ. P. 16(f)(2)).

The explanations proffered by the Defendant and its counsel for the failure of Comprehensive's client representative to attend the February 24th ENE do not justify, substantially or otherwise, the failure to comply with the clear directives of the Court's order, especially after the request to permit the representative to appear by telephone was denied. The absence of the client representative disrupted the management of the Court's docket, multiplied judicial proceedings, and increased the cost of the administration of justice.

### III. CONCLUSION

Comprehensive's conduct is sanctionable under the Court's inherent power and Rule 16(f) of the Federal Rules of Civil Procedure. "[W]hen there is bad faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power." <u>Chambers</u>, 501 U.S. at 50. Accordingly, under Rule 16(f), the Court sanctions Comprehensive and its counsel, Lewis Brisbois Bisgaard & Smith LLP, $2,600, jointly and severally, as the amount of Plaintiff's reasonable attorney's fees and costs incurred in preparing for and

attending the early neutral evaluation conference.  Payment is to be made within thirty days of the filing of this order.

IT IS SO ORDERED.

DATED:  May 19, 2016

Ruben B. Brooks, Magistrate Judge
United States District Court

cc:
Judge Bencivengo
All Parties of Record